UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HARLEY D. HERMISON, | ) | CASE NO. 4:06 CV 3018 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHAEL SHEETS, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On December 19, 2006, petitioner pro se Harley D. Hermison filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Hermison is incarcerated in an Ohio penal institution, having been convicted, in July 1993, of abduction, felonious assault, kidnapping, attempted rape, rape (7 counts), and aggravated robbery. The petition reflects that Hermison filed an application to reopen his appeal in 2005 pursuant to Ohio App.R. 26(b), which was denied. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all

available state remedies.  28 U.S.C. § 2254.  Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that over 13 years passed from the date of his conviction to the filing of Hermison's petition.  His 2005 application to reopen his appeal - apparently unavailing because of its gross untimeliness - cannot "retrigger" the statute of limitations for bringing a federal habeas action.  Robinson v. Moore, No. 00-4348, 20 Fed.Appx. 358, 2001 WL 1136056 (6th Cir. Sept. 19, 2001); Cf. Searcy v. Carter,

246 F.3d 515 (2001)(filing of delayed appeal to Ohio Supreme Court does not cause federal habeas statute of limitations to begin running anew).  Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of any other basis for tolling the one year statute of limitations.  Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Dated: February 21, 2007         s/    James S. Gwin
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[1] This court is aware of Day v. McDonough, 126 S.Ct. 1675, 1684 (2006), but does not interpret the "notice to be heard" requirement in that case as applying at the Rule 4 of the Rules Governing Section 2254 Cases screening stage of the case, when the petition is patently untimely.